of the Claim of BARBARA FRENCH, Respondent, for Compensation under the Workmen's Compensation Law, v. LOOSE-WILES BISCUIT COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of REGINA MANNHEIMER, Respondent, for Compensation under the Workmen's Compensation Law, v. ALWIN CASSENS, Employer, and COMMERCIAL CASUALTY INSURANCE COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ROBERT CROUSE, Respondent, for Compensation under the Workmen's Compensation Law, v. F. W. KING, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.— Award unanimously affirmed on the authority of *Klein* v. *Stoller & Cook Co.* (220 N. Y. 670); *Fitzpatrick* v. *Blackall & Baldwin Co.* (Id. 671); *Matter of Post* v. *Burger & Gohlke* (216 id. 544); *Hospers* v. *Hungerford-Smith Co.* (194 App. Div. 945; affd., 230 N. Y. 616); *Gardner* v. *Horseheads Construction Co.* (181 App. Div. 915); *Francavilla* v. *Mitchell, Inc.* (231 N. Y. 510).

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of CATHERINE H. KELCH, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, HENRY T. KELCH, March 23, 1920, as the Result of an Accident Alleged to Have Occurred on March 20, 1920, v. AMERICAN RAILWAY EXPRESS COMPANY, Employer and Self-Insurer, Appellant.— Award unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of LOUIS KATZ, Respondent, for Compensation under the Workmen's Compensation Law, v. A. KADANS & COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants. — *Award unanimously affirmed.*

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of HELEN WEGG, Alias HELEN WIGGS, Appellant, for Compensation under the Workmen's Compensation Law, v. ALLISON STORAGE AND TRANSFER Co., INC., Employer, and GLOBE INDEMNITY COMPANY, Insurance Carrier, Respondents.— Decision unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law, Made by JENNIE C. POHL, Widow, Appellant, in Behalf of Herself and Minor Children, for the Death of BERNARD J. POHL, Deceased, v. GENERAL ELECTRIC COMPANY, Employer and Self-Insurer, Respondent.— Decision unanimously affirmed on the ground that there is no evidence of a causal relation between the work of the deceased and the strangulation of the pre-existing hernia which caused his death.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of JOHN D. REARDON, Respondent, for Compensation under the Workmen's Compensation Law, v. WARD BAKING COMPANY, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED,

Insurance Carrier, Appellants.— Award reversed and matter remitted to the Commission for such further action as it may deem proper, on the authority of *Frings* v. *Pierce-Arrow Motor Car Co.* (182 App. Div. 445) and *Valentine* v. *Sherwood Metal Working Co.* (189 id. 410). All concur.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ROSE NOVICK, Respondent, for Compensation to Herself under the Workmen's Compensation Law, for the Death of ISIDORE NOVICK, v. GIMBEL BROTHERS and MARYLAND CASUALTY COMPANY, Appellants.— Award affirmed. All concur, except Kiley and Van Kirk, JJ., dissenting.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of PROKOPY KOSTUCHIK, Appellant, under the Workmen's Compensation Law, v. CONSOLIDATED GAS COMPANY OF NEW YORK, Employer, Respondent.— Decision unanimously affirmed.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of ALMONT WM. MURPHY, Respondent, under the Workmen's Compensation Law, v. ALLIANCE PRINTING CORPORATION, Employer, and ROYAL INDEMNITY COMPANY, Insurer, Appellants.— Award unanimously affirmed on the authority of *Boyle* v. *Cheney Piano Action Co.* (193 App. Div. 408) and *Noreen* v. *Vogel & Bros., Inc.* (231 N. Y. 317).

In the Matter of the Application to Remove MICHAEL E. McTYGUE, as Judge of the City Court of the City of Saratoga Springs, N. Y., and to Disbar Him from the Practice of Law.— Application dismissed. Woodward, J., dissenting on the ground that the record discloses facts which not only justify but require an investigation.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of LORETTA GUILIANA, Respondent, for Compensation under the Workmen's Compensation Law, v. MAX CHASIN and MAX COHEN, Employer, and ROYAL INDEMNITY COMPANY, Insurer, Appellants.— Motion denied.

Before STATE INDUSTRIAL COMMISSION, Respondent. In the Matter of the Claim of BERTHA SCHOLTZHAUER, Dependent Mother, and Dependent Sisters, Respondents, on Account of the Death of IRMA DALE SCHOLTZHAUER, Deceased, for Compensation under the Workmen's Compensation Law, v. C. & L. LUNCH COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE CO., LTD., Insurance Carrier, Appellants.— Motion denied.

EMANUEL D. OFFEN, Respondent, v. LEVY DAIRY COMPANY (a Corporation), Appellant.— Order unanimously affirmed, with ten dollars costs and disbursements.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BASS, RATCLIFF & GRETTON, LIMITED, Relator, v. STATE TAX COMMISSION, Respondent.— Determination unanimously confirmed, with fifty dollars costs and disbursements.

CHARLES H. ROSE, Respondent, v. TOWN OF CONKLIN, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event, on the ground that the verdict is excessive, unless the plaintiff stipulates to reduce the verdict to $8,000, in which case the judg-